[No. 14682.   Department Two. — May 25, 1892.]

## C. F. BEAN, RESPONDENT,   *v.*   THE TRAVELERS INSURANCE COMPANY, APPELLANT.

ACCIDENT INSURANCE — PROOFS OF INJURY AND DURATION OF DISABILITY — PLEADING — INSUFFICIENT DENIAL. — In an action upon an accident insurance policy, where the plaintiff alleged in his complaint that within three months after the accident he furnished affirmative proof of his injuries, and of the duration of his disability, an answer admitting that the plaintiff furnished the company with what purported to be affirmative proof, but averring that it did not amount to affirmative proof, states but a legal conclusion, and is not a sufficient denial of 'the allegation.

ID. — OBJECTION TO FORM OF PROOFS — INFERENTIAL STATEMENT — WAIVER. — An objection to the form of the proofs presented, which might have been remedied, such as that the injury or disability was stated inferentially, and not directly, is waived if not specified by the company.

ID. — OCCUPATION OF CAPITALIST — DISABILITY — INSTRUCTIONS AS TO OTHER OCCUPATIONS — ERROR WITHOUT INJURY. — In an action upon an accident insurance policy, which insured the plaintiff, "under classification preferred (being a capitalist by occupation)," from any injuries disabling him from transacting any and every kind of business pertaining to his occupation stated, where the evidence showed, without conflict, that he was totally disabled from transacting any business whatever, and the jury found for the plaintiff, the judgment will not be reversed

because of erroneous instructions given upon the question as to his disability to transact any business which a capitalist might reasonably be expected to follow, the error being without injury.

Id. — Money Value of Time in Occupation not Named. — Where the policy insured the plaintiff "in the sum of fifty dollars per week, against loss of time," provided he recover nothing in excess of the money value of his time, and further provided that if he was injured in any other occupation more hazardous than that in which he was classed, his insurance was to be calculated at a different rate, it is not essential that he prove the money value of his time in the occupation named in the policy, but he may recover for the money value of such time, at a rate not exceeding fifty dollars per week, in the occupation in which he was engaged at the time of the accident, if not more hazardous than the occupation named.   .

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*F. H. Howard,* for Appellant.

*Sheldon Borden,* and *Johnston & Borden,* for Respondent.

Temple, C. — Appeal from judgment and order refusing a new trial.

This is an action upon an accident insurance policy. In his complaint, the plaintiff, after setting out the contract of insurance and his injury, avers that "within three months of the time of such accident, plaintiff furnished unto the defendant affirmative proof of·his said injuries, and of the duration of his disability."

The answer "admits that the plaintiff furnished defendant with what purported to be his affirmative proof at the time alleged in the complaint, but defendant denies that the same amounted to affirmative proof of the duration of his alleged disability."

The policy required written notice to be given of any injury, and provided: "Unless affirmative proof of death, or loss of limb or sight, or of duration of disability, is so furnished within seven months from the time of such accident, all claims based thereon shall be forfeited to the company."

At the trial, plaintiff showed that his proof was made out on blanks furnished by the defendant, and with the advice of Dr. Ross, local examining surgeon of the defendant, and by him declared sufficient, but did not offer the papers themselves in evidence.  Motion for nonsuit was made for alleged insufficiency of the evidence in this respect, and the same objection was urged on motion for a new trial, and is repeated here.

I think there are several reasons why this contention on the part of the appellant cannot be sustained.

1. There is no sufficient denial.  To admit that proof was made, and then to assert that it did not amount to affirmative proof, is but to state a legal conclusion, — the mere opinion of the pleader.  If the defect were sufficiently material, it could have denied the allegation that the preliminary proof was made, or could have stated, with its denial, just what was done.

But if the objection was merely as to the form of the proof, —that it was negative rather than affirmative, — meaning that the injury or disability was stated inferentially, and not directly, it is obvious that in this particular case such a defect might have been remedied, and not having been specified by the defendant, was waived.

The defendant, by its policy issued to plaintiff, insured him, " under classification preferred (being a capitalist by occupation), : . . . . in the sum of fifty dollars per week, against loss of time, not exceeding twenty-six consecutive weeks, resulting from bodily injuries, . . . . which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated."  The policy also provides that if the insured is injured in any other occupation or exposure classed by the company as more hazardous than that stated, his insurance shall be only for such sums as the premium paid by him will purchase at the rates fixed for such increased hazard.  In the conditions, it was

stated that no claim for indemnity in excess of the money value of the insured's time should be valid.

In the statement on motion for a new trial there is no attempt to set out the evidence which shows the disability, but its effect is thus summarized: "The plaintiff proved that he had sustained the accidents and injuries in mode and manner substantially as set forth in his complaint (except that the second accident therein alleged was shown to have taken place on August 30, 1889, instead of August 16, 1889), and plaintiff also proved that he had, in consequence of said accidents and injuries, been totally disabled from transacting any business for the period of twenty-six weeks next ensuing said accidents."

It does not appear in any way that there was evidence conflicting with plaintiff's, the effect of which is thus stated. While it cannot be taken that this statement was agreed to, we have no alternative but to conclude that appellant concedes that plaintiff's testimony on that subject was satisfactory, and that it did not put in evidence which raised a substantial conflict, or its counsel would have had the evidence set out in the record.

The record discloses, however, that appellant did object to testimony of plaintiff in regard to his occupation and services in the superintendence and cultivation of his orange orchard at his home place, on the ground that it was immaterial. The objection was overruled, but it does not appear that any evidence in regard to the matter was received after the objection. Whether the rulings were right or wrong, therefore, it does not appear that there was injury.

The appellant objects to certain instructions given at the instance of plaintiff. By the first, the jury was told, that if plaintiff's occupation was such a business as a person classed as a capitalist might reasonably follow, and if plaintiff was immediately and wholly disabled from transacting any and every kind of business pertaining to his said occupation, the verdict should be for him; and by the second, that the fact that he is described as

a capitalist was to be regarded as the class in which he was insured, but not as necessarily determining his occupation for the purpose of deciding whether or not he was totally disabled.   Capitalists may follow various occupations, and if plaintiff was injured while pursuing any occupation not more hazardous than is usual among men classed as capitalists, and so injured as to deprive him of the ability to transact any business which a capitalist might reasonably be expected to follow, they should find for plaintiff.

That these instructions are erroneous is, I think, quite patent.   The policy does not, as the instruction assumes, class the plaintiff as a capitalist; it simply insures him in a preferred class, because he is a capitalist by *occupation*, which is a very different matter.   One engaged personally in the manufacture of dynamite may own the plant with which he is working.   Therefore, since he owns property employed in productive industry, he is a capitalist.   But he is not a capitalist by occupation. Especially where the classification is by an insurance company for the purpose of discriminating employments more or less hazardous, and fixing insurance rates in proportion to hazard.   And when the court told the jury that the occupation was not to be used to determine whether plaintiff was totally disabled from transacting any kind of business in which he was engaged, it was against the express provision of the policy, which to entitle him to recover requires that he be totally disabled from transacting any business pertaining to the occupation of capitalist.

The court went even further, and told the jury that the plaintiff might recover if totally disabled from transacting any business which a person classed as capitalist might reasonably be expected to follow.   I know of no business which a capitalist might not as reasonably be expected to follow as any one else.   This, at one stroke, swept away the classification in accordance with which the insurance was graded.   It was impossible to get farther from the stipulations of the contract.

But is it at all material? These instructions all go simply to the question whether the plaintiff was so injured that he could recover upon the policy. The evidence on this subject was all for the plaintiff, and proved, without conflict, that plaintiff was totally disabled from transacting any business. The whole must include the parts; therefore, plaintiff was disabled from transacting any business as a capitalist. And upon this proposition it does not appear that at the trial there was any controversy. However instructed, therefore, the jury could not conclude otherwise than they did, and appellant is not injured.

One of the grounds upon which the defendant moved for a new trial was, that there was no evidence as to the value of plaintiff's time as a capitalist. And the statement shows that there was none, except upon the theory adopted by the court, that the business of taking care of his orchard, buying and selling land, locating and surveying land, and superintending the development of water, being such occupations as a capitalist might reasonably be expected to follow, were occupations as a capitalist. There were other instructions, which are duly excepted to by appellant, in which this idea is explained and insisted upon.

The only objection to the testimony upon this subject was, that it did not tend to find the value of plaintiff's services in the occupation of a capitalist. To the same effect is the specification of the insufficiency of the evidence.

Was it essential in respect to this question for the plaintiff to prove the value of his time in the occupation named? I do not find it so nominated in the bond. On the other hand, I find that he may recover fifty dollars per week provided he shall recover no more than the money value of his time, — not what his time was worth in the occupation named; nor do I think any such qualification was intended. It was merely that he could not make money by being hurt; such a condition affords some security to the company against fraudulent claims,

as much under the construction I have given it as the other. To simulate injury and refrain from work cannot be made profitable. It could not have been supposed that the insured might not transact any business not included in his general occupation. That he might be injured while transacting other business is provided for in the policy, and he is not precluded from recovery thereby, but his insurance is calculated at a different rate. Any one rendered unable to transact business may suffer loss, and his time may be of value outside of his regular employment. As the insurance was meant to indemnify the insured for the loss of his time in consequence of his injury, there is no reason why it should not include this. Such construction seems to effectuate the presumed intent of both parties, and is in consonance with the language of the policy.

The other exceptions seem utterly immaterial. There was no evidence which tended to show that plaintiff was injured in an occupation more hazardous than that named.

I think the judgment and order should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.